IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JESSICA BRANCH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, | * | No. 3:16CV00086-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Jessica Branch, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Reversal is not warranted merely because substantial evidence would have supported an opposite decision. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). After careful consideration of the record in this case, I conclude the decision by the Administrative Law Judge (ALJ) is supported by substantial evidence.

Plaintiff was twenty-eight years of age at the time of the hearing. (Tr. 39.) She is a high school graduate and attended college for a semester. (Tr. 39-40.)

The ALJ issued a written opinion reciting the reasons why he found Plaintiff was not disabled.[1] (Tr. 15-28.) The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 1, 2007. (Tr. 17.) He found Plaintiff had "severe" impairments in the form of scoliosis, sinus tarsitis, obesity, post-traumatic stress disorder and depression, but she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 18-20.) He judged that Plaintiff's allegations regarding her limitations were not entirely credible. (Tr. 20-26.)

The ALJ found that Plaintiff retained the residual functional capacity for a reduced range of sedentary work (Tr. 20), and was unable to perform any of her past relevant work. (Tr. 26.) Based on the testimony of a vocational expert in response to hypothetical questions (Tr. 63-67), the ALJ found that Plaintiff could perform the jobs of "bonder - small commercial parts" and "beginning inspector" and these job existed in significant number in the economy. (Tr. 27-28.) Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 28.)

In support of her Complaint, Plaintiff disagrees with the ALJ's credibility determination. (Doc. No. 13 at 22-24.) The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[2] (Tr. 20-26.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2]The ALJ also cited Social Security Ruling 96-7p. (Tr. 20.) That Ruling tracks *Polaski* and 20 C.F.R. § 404.1529(c)(3) and elaborates on them.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>  1. the claimant's daily activities;
>
>  2. the duration, frequency and intensity of the pain;
>
>  3. precipitating and aggravating factors;
>
>  4. dosage, effectiveness and side effects of medication;
>
>  5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff is very young. And while she clearly suffers from some level of pain and limitation, she offers little objective medical evidence to support a claim of complete disability. The ALJ assessed she could perform a *reduced range of sedentary work*. He made numerous adjustments to her residual functional capacity that fairly captured her documented limitations. The overall evidence of record supports the ALJ's conclusion Plaintiff is capable of performing work at this sedentary exertional level. While Plaintiff takes issue with this finding, the ALJ also correctly relied on the fact that Plaintiff has been treated conservatively and none of her doctors have placed limitations on her that would indicate she was disabled.

Additionally, Plaintiff has engaged in many activities of daily living. Plaintiff takes care of her four children - all under the age of eleven years. (Tr. 24, 39, 51-52.) She drives, cooks meals, and shops for groceries. (Tr. 41, 51-52.) The combination of Plaintiff's admitted level of activity and the medical records - including consultative mental and physical examinations (Tr. 323-328, 340-345) - all support the ALJ's credibility assessment.

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of her allegations, her functional capabilities and the lack of restrictions placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v.*

3

*Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

I am sympathetic to Ms. Branch's claims.  There is evidence she has limitations related to her impairments.  But the ALJ's finding that she could perform a reduced range of sedentary work during the relevant time period is supported by the record.  *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.")  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion: of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 9th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE